**NEW LIFE BAPTIST CHURCH ACADEMY, et al., Plaintiffs,**

v.

**TOWN OF EAST LONGMEADOW, et al., Defendants.**

**C.A. No. 83–580–WF.**

United States District Court, D. Massachusetts.

May 16, 1988.

John C. Sandelli, Dracut, Mass. Richard G. Gay, Gammon & Grange Law Offices, Colby M. May, Washington, D.C., for plaintiffs.

Thomas Kenefick, Cooley, Shrarer, Albert, & Labovitz, Springfield, Mass., for East Longmeadow.

Maria Lopez, Asst. Atty. Gen., Dept. of Atty. Gen., Boston, Mass., for State defendants.

Mary Jo Hollender, Boston School Dept., Boston, Mass., for Boston defendants.

## MEMORANDUM AND ORDER

WOLF, District Judge.

All parties to this action have requested that the court direct, pursuant to F.R. Civ.P. 54(b), entry of final judgment as to the issues decided in its Memorandum and Order of July 27, 1987, thus authorizing a request for an immediate appeal of those issues. For the reasons described below, this is an unusual case in which the pressing needs of the litigants outweighs the factors which usually require a complete resolution of all claims before an appeal concerning any of them is permitted. *See, Spiegel v. The Trustees of Tufts College,* 843 F.2d 38 (1st Cir.1988); *Morrison–Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981). Therefore, the court will grant the parties' request.

Plaintiffs in this case are the New Life Baptist Church, a congregation of born again Christians, its minister, and some of its members. Defendants are entities and officials of the Town of East Longmeadow, Massachusetts. The Commonwealth of Massachusetts was allowed to intervene on behalf of the defendants.

After a lengthy non-jury trial, on July 27, 1987 this court issued a detailed Memorandum and Order finding that as the East Longmeadow defendants sought to apply it to plaintiffs, M.G.L.A. c. 76 § 1—which requires that local school committees approve private schools in their jurisdiction—violates the Free Exercise and Establishment Clauses of the First Amendment of the United States Constitution. *New Life Baptist Church Academy v. East Longmeadow,* 666 F.Supp. 293 (D.Mass.1987). Thus, the court ordered that (1) defendants be permanently enjoined from applying to plaintiffs the specific approval process litigated in this case; and (2) that defendants be permanently enjoined from prosecuting plaintiff Richard Romero, as a parent of a New Life student, for failure to send his child to a public school, or to an approved private school. *Id.* at 328. The court did not decide the remaining questions concerning awards of money damages, costs, and reasonable attorneys' fees. *Id.*

As described in the opinion, this case arises from the competing, compelling concerns of plaintiffs and defendants for the children who attend New Life Academy. While the court decided, subject to possible judicial review, the legality of the specific approval process which was litigated, it did not—and on the record before it could not—decide the precise parameters of a constitutionally permissible means of assuring New Life students are adequately educated. *Id.* at 295, 327–28.

The court and the parties recognized that it would be most desirable if the parties could develop a mutually acceptable means of resolving their dispute, thus eliminating the need for further judicial intervention. Accordingly, pursuant to a series of court orders and conferences, the parties have since July 27, 1987 made an apparently earnest, but unsuccessful effort to settle this matter.

This court is presented with the question whether to act now to allow the defendants to seek to appeal the July 27, 1987 decision, which resolves all issues in this case except damages, costs and reasonable attorneys' fees. A significant time-consuming effort will be required to decide the issues of damages and attorneys' fees. Plaintiffs wish to present additional evidence regarding damages and may be entitled to do so. In addition, when addressing the question of damages the court may be required to decide the unsettled issue of whether New Life as an organization may recover for any injury to that fledgling church caused by East Longmeadow's unconstitutional conduct. *See Id.* at 322, n. 16. Determining an appropriate award of reasonable attorneys' fees—likely to exceed six figures—will also be complex as this litigation has been conducted for more than five years and plaintiffs prevailed on most, but not all, of their original claims.

There are important reasons why an appeal of the issues already decided should not await resolution of the questions of damages and attorneys' fees. This case involves the state's compelling interest in assuring that children are adequately educated. The court has enjoined the specific method by which East Longmeadow sought to satisfy this interest. As the parties have not been able to agree on how the state's interest may be satisfied without violating plaintiffs' First Amendment rights, East Longmeadow wishes to appeal this decision. It is in the interest of the students of New Life Academy that the constitutionality of East Longmeadow's conduct be authoritatively decided as promptly as possible so that a constitutionally permissible means of assuring they are adequately educated can be instituted by East Longmeadow.

In addition, the question whether this court has correctly decided this case has implications for more than the present parties. Several original defendants, including the City of Boston, were dismissed from the case upon the stipulation that they would not seek to enforce the Massachusetts truancy law against individuals similarly situated to the New Life plaintiffs until this case is finally adjudicated. *See,* 666 F.Supp. at 298 n. 4 and 315. In addition, the Attorney General has informed the court that "the substantive constitutional claims previously adjudicated [in this case] have application to other private schools operating within the Commonwealth of Massachusetts that may be placed in a similar situation vis a vis the local school committee approval requirements contained in M.G.L. c. 76, § 1." The Commonwealth of Massachusetts Memorandum in Response to Bench Order of April 20, 1988, dated April 27, 1988, p. 2. Thus, the effect of this court's decision in this case on the parties and others indicates that there is now a pressing need for an appeal to be taken.

In *Spiegel,* the First Circuit indicated that the *Allis–Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 364 (3rd Cir.1975) provides a helpful guide to the factors which ought to be considered in determining whether final judgment on some, but not all, claims should be entered. 843 F.2d at 43 n. 3. In *Allis–Chalmers* the court stated:

In reviewing 54(b) certifications, other courts have considered the following

factors, *inter alia:* (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Allis–Chalmers Corp.,* 521 F.2d 364. In this case, these factors suggest that authorization of an immediate appeal of the decided issues would be appropriate.

The adjudicated and unadjudicated claims in this case are distinct. This court's future resolution of the unadjudicated claims—damages and reasonable attorneys' fees—will not affect the analysis of the First Amendment issues which the parties wish to appeal.

In addition, there does not appear to be a meaningful possibility that the need for review will be mooted by future developments in the district court.[1] This court has unsuccessfully encouraged settlement of this case. It now appears that an appeal, at some point, is inevitable.

An immediate appeal would not present the risk that the Court of Appeals would have to consider the First Amendment issues in this case a second time. Those issues are fully adjudicated. In addition, there is no claim or counterclaim which could result in setoff against the judgment sought to be made final.

Finally, in addition to serving the pressing needs of the parties, a Rule 54(b) certification would promote judicial economy. As indicated earlier, an appeal of the First Amendment questions already decided seems inevitable. If this court's decision on those issues is reversed, the challenging and time-consuming questions of damages and reasonable attorneys' fees will not have to be decided. If this court's decision is affirmed, those issues will be ripe for resolution and can be addressed on an up-to-date basis.

In view of the foregoing, this court concludes that there is no just reason for delay. Accordingly, it is hereby ORDERED that:

1. Final judgment shall now enter on all of the claims decided by this court's Memorandum and Order dated July 27, 1987; and

2. Litigation of the remaining claims concerning damages, costs, and reasonable attorneys' fees shall be stayed until further order of this court so that the parties may give their undivided attention to the anticipated appeal.

---

**1.** The court is also unaware of any foreseeable Supreme Court decision which might militate in favor of delaying an appeal. The Supreme Court has recently addressed certain Free Exercise Clause issues in *Lyng v. Northwest Cemetary Protective Assoc.,* 485 U.S. 439, 108 S.Ct. 1319, 99 L.Ed.2d 534 (1988). *Lyng,* however does not alter the Free Exercise analysis in this case. *Lyng,* is a factually distinguishable case which, in pertintent part, reiterates that where, as here, government action has a tendency to coerce individuals to act contrary to their religious beliefs, scrutiny, requiring the government to bring forward a compelling justification for its otherwise lawful actions, is necessary. *Id.* at —, 108 S.Ct. at 1326. Indeed, the East Longmeadow defendants have stated that *Lyng* is not "relevant to the facts or the law of [this case]." East Longmeadow's Memorandum in Response to Court Order of April 20, 1988 Relating Inter Alia to F.R.Civ.P. Rule 54(b) Appeal.